UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CASSIE CHRISTINE CRISANO,<br>*Petitioner*,<br><br>v.<br><br>DIRECTOR, DEPT. OF VA CORRECTIONS,<br>*Respondent.* | 1:23-cv-00664-MSN-LRV |

MEMORANDUM OPINION and ORDER

Cassie Christine Crisano ("Petitioner"), a Virginia inmate proceeding *pro se*, executed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging her 2019 convictions in the Circuit Court of Stafford County, Virginia. ECF 1.[1] Ms. Crisano filed her petition in the United States District Court for the Western District of Virginia, which transferred the petition to this Court by order dated May 22, 2023, because the Eastern District is a more appropriate venue. ECF 5. Because the petition did not comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 2"), this Court directed Ms. Crisano to file an amended petition complying with Habeas Rule 2. ECF 9. Ms. Crisano filed an amended petition, (ECF 12), but the amended petition still did not comply with Habeas Rule 2 and so the Court directed her to file a second amended petition (ECF 21). Despite numerous continuances over more than a year, Ms. Crisano has failed to file an amended petition that complies with Habeas Rule 2. Accordingly, this civil action will be dismissed without prejudice due to Ms. Crisano's failure to comply with this Court's order.

---

[1] Ms. Crisano was convicted of three counts of solicitation to commit murder, three counts of attempted murder, and sentenced to 81 years in prison.

**I. Background**

On August 9, 2019, after a four–day jury trial, Ms. Crisano was convicted in the Circuit Court of Stafford County of three counts of solicitation to commit capital murder, in violation of Virginia Code §§ 18.2–29 and 18.2–31; and three counts of attempted capital murder in violation of Virginia Code §§ 18.2–25 and 18.2–31. *Commonwealth v. Crisano*, Case Nos. CR19–291–00 through –03, –05, –09. The sentencing order imposed a total sentence of 81 years in prison and was entered on December 17, 2019.[2]

Ms. Crisano, by counsel, filed a petition for appeal in the Court of Appeals of Virginia. The online records establish that the appeal was denied by a judge of that court on July 13, 2020, and a three–judge panel on October 28, 2020. *Crisano v. Commonwealth*, Record No. 2039–19–4. Next, Ms. Crisano, by counsel, filed a petition for appeal in the Virginia Supreme Court, which refused her petition on September 8, 2021. *Crisano v. Commonwealth*, Record No. 201441.

On or about August 13, 2020, Ms. Crisano, proceeding *pro se*, filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which she supplemented on November 16, 2020. *Crisano v. Director, Dep't of Corrections*, Record No. 201261. The court's March 16, 2022 dismissal order refers to nine claims, several of which had subparts.[3] *See* ECF 1-1. The dismissal

---

[2] While Ms. Crisano's § 2254 petition identified these convictions, some of the information provided was inaccurate and other information was missing. The information regarding the convictions and appeals cited herein reflects the contents of the Virginia Courts Case Information system's online records from the circuit court and appellate courts of Virginia. *See* http://www.courts.state.va.us/ (Case Status and Information page, Circuit Court, Stafford County; Court of Appeals; Virginia Supreme Court; and search "Crisano, Cassie") (last viewed Sept. 25, 2025) (hereinafter "Case Status and Information"). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (explaining that the "most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online). The online records indicate that Ms. Crisano has filed at least four other appeals in the Court of Appeals of Virginia, but Record No. 2039–19–4 is the only one she references in her § 2254 petition. The online records indicate that, in addition to her direct appeal and state habeas, Ms. Crisano has filed three mandamus proceedings in the Virginia Supreme Court. The § 2254 petition does not reference the mandamus proceedings.

[3] Ms. Crisano attached a copy of the Virgina Supreme Court's dismissal order to her § 2254 petition. The dismissal order summarizes the claims and explains why each claim and subpart of a claim were dismissed. ECF 1–1.

order summarized the claims as follows:

    a) Ms. Crisano's due process rights were violated "because a confidential informant assisted law enforcement by eliciting incriminating statements from [Ms. Crisano] while she was incarcerated and awaiting trial for charges related to various fraudulent transactions and the attempt to destroy evidence of those crimes." ECF 1-1 at 2.

    b) Ms. Crisano's court appointed attorney was ineffective because he "failed to visit her when he said he would." *Id.* at 2–3.

    c) Ms. Crisano was denied effective assistance of counsel by her retained attorney because of a conflict of interest. *Id.* at 3.

    d) Ms. Crisano's court appointed attorney was ineffective because he "failed to meet with her when she requested he do so." *Id.* at 4.

    e) The Clerk violated Crisano's rights by not providing her with forms she requested, a copy of the Commonwealth's discovery, and transcripts; the trial court erred by not granting Ms. Crisano's motion for a change of venue and denying her requests for status hearings; the trial court erred by refusing to address Ms. Crisano's claims of ineffective assistance of counsel and numerous other assertions of trial error. *Id.* at 5.

    f) A police office falsely testified that Charmaine Green complained that Ms. Crisano "threatened to kill her"; a witness, Byies, committed perjury; the Commonwealth violated *Brady*[4] by withholding impeachment evidence related to witness Byies. *Id.* at 5–6.

    g) A juror was biased based upon his occupation (Christian pastor, Ms. Crisano is Jewish); a juror who believed Ms. Crisano was innocent was bullied by other jurors; and the jury was subjected to inappropriate influences because a Bible was brought into the jury room. *Id.* at 6–7.

    h) Ms. Crisano's court appointed appellate attorney was ineffective because he "failed to contact her after being appointed to represent her on appeal." *Id.* at 7–10.

    i) Ms. Crisano's court appointed attorney was ineffective because he "failed to argue the Commonwealth had not proved she committed an overt act in furtherance of attempted capital murder for hire"; appellate counsel did not ask the court to apply the ends of justice exception to review the sufficiency of the evidence; counsel failed to argue her conviction for attempted capital murder for hire and solicitation, involving the same victim, violated the Double Jeopardy Clause. *Id.* at 10–12.

The Supreme Court of Virginia dismissed the state habeas petition on March 16, 2022, finding that

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

Claim (a) was barred by *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) (holding that non-jurisdictional issues which could have been raised during the direct appeal process are barred from review in habeas); Claims (b), (c), and (d) were each dismissed because they failed to satisfy either prong of *Strickland v. Washington*, 466 U.S. 668, 687 (1984); the portion of Claim (d) and (e) that asserts the Clerk erred were each barred by *Brooks v. Peyton*, 171 S.E.2d 243, 246 (Va. 1969) (barring review of a claim in habeas because habeas may not be used as a substitute for appeal); the remaining portions of Claim (e) were also dismissed pursuant to *Brooks v. Peyton*; the false testimony portion of Claim (f) was dismissed pursuant to *Brooks v. Peyton*; the portion of Claim (f) that Byies perjured herself was denied on the merits; Ms. Crisano failed to establish her *Brady* claim in Claim (f); the portion of Claim (g) alleging the Bible was taken into the jury room was dismissed as a "bare allegation" not supported by evidence; the remainder of Claim (g) was barred pursuant to *Slayton v. Parrigan*; and Claims (h) and (i) were dismissed because they failed to satisfy either prong of *Strickland v. Washington.* ECF 1-1 at 5-12. A rehearing was denied on May 11, 2022. *Id.* at 1.

**II. Federal Petition**

On May 10, 2023,[5] Ms. Crisano executed an 18-page petition, which she filed in the Western District on May 18, 2023. The petition listed four grounds for relief: 1) "Denial of Access to Courts"; 2) "*Brady* Violations/Due Process/Newly Discovered Evidence;" 3) "Ineffective Assistance of Counsel;" 4) "Prosecutorial Misconduct/Govt. Agent Misconduct." ECF 1 at 5, 7, 8, 10. After each ground for relief, Ms. Crisano entered "See Attached." The attachment is an annotated copy of the Supreme Court of Virginia's order dismissing the nine claims and subparts

---

[5] May 10, 2023, is the earliest date that Ms. Crisano could have delivered the petition to prison authorities. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that pleadings filed by pro se prisoners are deemed filed on the date delivered to prison authorities).

4

Ms. Crisano raised in her state habeas proceedings. *See supra* at 2–4. However, the attachment did not supply facts in support of the four grounds for relief or otherwise explain her grounds for relief.

On September 29, 2023, the Court reviewed the § 2254 petition and attachment and found it did not comply with Habeas Rule 2 because it did not include the facts upon which Petitioner relied in support of her grounds for relief.[6] ECF 9. The Court informed Petitioner that it was her responsibility, not the Court's, to identify each ground or claim she was raising and to set forth the facts in support of that claim or ground.[7] And the Court directed Petitioner to file an amended petition, within thirty days, that listed out the grounds she was raising together with the facts in support of each ground or claim. *Id.* Ms. Crisano sought an extension of time, which the Court granted on November 7, 2023. ECF 11.

On December 18, 2023, Petitioner filed an amended petition, which simply listed the same four claims: 1) "Denial of Access to Courts"; 2) "*Brady* Violations/Due Process/Newly Discovered Evidence;" 3) "Ineffective Assistance of Counsel;" 4) "Prosecutorial Misconduct/Govt. Agent Misconduct." ECF 12 at 5, 7, 8, 10. Again, Ms. Crisano inserted "See Attached" after each claim

---

[6] "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243). Habeas Rule 2 (c) provides that a petition must:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

[7] The Fourth Circuit has emphasized the need for clarity with regard to the facts because a petitioner may rely on the same facts for more than one claim.

> Case law bears witness that each ground for relief must be tied to a specific factual basis supporting that claim. This leads to the unremarkable conclusion that a petitioner may assert multiple claims based on the same legal theory (*e.g.*, IAC, *Brady* violations, actual innocence) with each claim connected to different acts or omissions by counsel.

*Folkes v. Nelsen*, 34 F.4th 258, 268 (4th Cir. 2022) (internal footnote omitted).

5

instead of setting forth facts. *Id.* In this instance, "attached" included 239 pages, as well as digital copies of exhibits on a thumb drive as well.

On August 21, 2024, the Court reviewed the 15-page amended petition and 237 pages of attachments, and determined that the amended petition failed to comply with Habeas Rule 2 or Federal Rules of Civil Procedure 8. ECF 21 at 1-2. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that each averment of a pleading be "simple, concise, and direct." *See also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (noting that, under Rule 8 the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" to allow a defendant to respond (internal quotation marks omitted)).[8] The Court provided explanations and specific guidance with regard to the amended petition's lack of clarity. ECF 21 at 4–5. It then directed Ms. Crisano to file a second amended petition within thirty days and warned Ms. Crisano that her petition would be dismissed without prejudice if she failed to comply with the Court's order.[9] ECF 21 at 5-6.

---

[8] *See Walker v. True*, 399 F.3d 315, 319 n.1 (4th Cir. 2005) (noting that, under the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied when appropriate, to petitions filed under these rules"); *see also* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts (same).

[9] The U.S. District Court for the Eastern District of Missouri faced a similar situation in which the district court dismissed the petition.

> Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings in federal courts to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8 is applicable to habeas actions pursuant to Rule 12 of the Rules Governing § 2254 and 2255 Cases.
>
> Petitioner woefully fails to substantially comply with the Section 2254 Rules 2(c) and 12 that a petitioner must state specific, particularized facts which entitle him to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review. *See Mayle v. Felix*, 545 U.S. 644, 649, 655-56 (2005) (a "notice pleading" is not enough to satisfy Rule 2(c), because the petitioner is expected to state facts that point to the real possibility of constitutional error); *See also*, *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990) ("Appellant's repeated references to the entire record were of no assistance whatsoever to the district court, which must decide, based on the face of the petition, whether the claims asserted merit further federal habeas corpus review.").

*Wallace v. Payne*, No. 4:19-CV-2576 HEA, 2022 WL 6532788, at *1 (E.D. Mo. Sept. 27, 2022).

Ms. Crisano sought a 60-day continuance on October 7, 2024, in order to consult with the institutional attorney, ECF 22, and the Court granted her motion on October 10, 2024. ECF 23. On November 26, 2024, because her appointment with the institutional attorney had been cancelled, Ms. Crisano sought a second 60-day extension. ECF 24. On December 2, 2024, the Court granted Ms. Crisano's motion and made her amended petition due on or before February 10, 2025. ECF 25. On January 31, 2025, Ms. Crisano sought a third 60-day extension, which stated she had retained counsel to assist with filing her digital exhibits, and that the facility had hindered the delivery of the exhibits (a USB drive) to her. ECF 26. On February 5, 2025, the Court granted Ms. Crisano's motion and made her amended petition due on or before April 11, 2025. ECF 27. On April 21, 2025, Ms. Crisano sought a fourth 60-day extension, stating she was still grieving the institutional facilities retention of the USB drive. ECF 28. On April 23, 2025, the Court granted Ms. Crisano's motion for an extension of time and made her amended petition due on or before May 12, 2025. ECF 29. The order warned Petitioner that there would be no further extensions and that she must file, by May 12, 2025,

> her completed § 2254 petition for a writ of habeas corpus form, which was sent to her on August 21, 2024. (ECF 21). Petitioner is under the apparent unfounded belief that she needs to submit documents she alleges are contained in digital format to the Court as part of her amended petition. She does not. Indeed, the Court addressed this very issue in its August 21, 2024 order, with regard to the alleged digital evidence, that "Petitioner can identify each separate document, summarize the document, and then identify the relevant claim or claims set forth in the second amended petition. Apparently, Petitioner obtained the various items on the thumb drive from her trial attorney." *Id.* at 3, n.6. Petitioner has had more than a year to submit a proper amended petition and there will be no further extensions. As noted in the August 21, 2024 order, Petitioner may submit the written summaries of the alleged digital information as an addendum or attachment to her petition.

ECF 29 at 1.

On May 19, 2025, Petitioner filed for an indefinite stay asserting it was needed "to allow [Ms. Crisano] time to exhaust state court remedies in Stafford County Circuit Court to review the

7

petition for a writ of habeas corpus FOR Newly Discovered evidence that was discovered on May 1, 2025, while preparing the amended Federal Writ of Habeas Corpus." ECF 30. On June 4, 2025, the Court denied the motion for a stay because "because her conclusory motion [did] not satisfy the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005)." ECF 31 at 1. The June 4, 2025 order directed Ms. Crisano to file her second amended habeas petition within thirty days and warned her that if she failed to do so her petition could be dismissed. *Id.* at 3. It has now been nearly three months since the entry of that order, and more than one year since Ms. Crisano was directed to file an amended petition on August 21, 2024. Ms. Crisano has failed to file an amended petition. Indeed, she has not contacted this Court since the entry of the June 4, 2025 order. This matter will, therefore, be dismissed for noncompliance with a court order.

In exercising its inherent authority to manage its docket, *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017), and dismiss a case for noncompliance with a court order, the Court has considered the factors set forth in *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019). Ms. Crisano's failure to comply with the Court's order to file a second amended petition, which she has had more than a year to draft and compile, is particularly significant. After more than a year, and no response compliant with the August 21, 2024 order, dismissal without prejudice is the least drastic sanction likely to be effective.

Rule 11(a) of the Rules Governing Section 2254 Cases, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* 28 U.S.C. § 2253(c)(1)(A) (prohibiting an appeal to the respective court of appeals from a final order concerning a habeas corpus petition "[u]nless a circuit justice or judge issues a certificate of appealability"). A certificate of appealability ("COA") will not issue absent "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requirement is

8

satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where a district court dismisses a petition solely based on procedural grounds, and does not address the underlying constitutional claims, *Slack* instructs the court to issue a COA only when the petitioner demonstrates that "jurists of reason" would find both the petition's "claim of the denial of a constitutional right" and the district court's dispositive procedural ruling "debatable[.]" *Id. Slack* further advises that courts should not issue a COA where no "jurists of reason" could find "that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, reasonable jurists could not debate the Court's conclusion that the petition must be amended to comply with Habeas Rule 2(c), and Rules 8(a)(2) and 8(d)(1) of the Federal Rule of Civil Procedure. *See supra* at 2–3. A petitioner must make specific factual allegations in the petition that would entitle him to habeas corpus relief if they were true. *Jones v. Polk*, 401 F.3d 257, 269 (4th Cir. 2005). While *pro se* pleadings must be liberally construed, "liberal construction does not mean overlooking the pleading requirements." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). "Federal courts are not responsible for identifying the factual basis for a petitioner's claims; the petitioner is." *Folkes*, 34 F.4th at 271; *id.* at 267 (noting that "different grounds for relief are treated as different claims," and "petitioners must 'state the facts supporting each ground'") (first quoting *Samples v. Ballard*, 860 F.3d 266, 274 (4th Cir. 2017); then quoting *Mayle v. Felix*, 545 U.S. 644, 655, (2005)). Further, the Fourth Circuit has held that a district court "must consider claims as they are presented in the petition, reviewing them under the applicable standard," and it is "the district court's duty to consider only the specific claims raised in a § 2254

petition." *Id.* at 269; *see Frey v. Schuetzle*, 78 F.3d 359, 360–61 (8th Cir. 1996) ("[D]istrict courts must be careful to adjudicate only those claims upon which the petitioner seeks relief and take care not to decide claims upon which the habeas petitioner never intended to seek relief.").

Ms. Crisano's amended petition is plainly deficient. It provides only conclusory headings and fails to make clear which facts she alleges in support of her claims. Thus, this Court will not issue a COA to Petitioner. Ms. Crisano may, however, seek a COA from the Fourth Circuit. *See* Rule 11(a), Rules Governing Section 2254 Cases U.S. District Courts (explaining that if a district court denies a COA, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22").[10]

Accordingly, it is hereby

**ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.**

If Petitioner wishes to appeal this decision, she must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement indicating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Failure to timely file a notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Order dismissing this habeas petition without prejudice to Petitioner, and to close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

---

[10] Petitioner is advised that filing this petition under 28 U.S.C. § 2254 for federal habeas corpus relief has not paused the one-year limitations period provided by 28 U.S.C. § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 172, 181–82 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post–conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").

October 1, 2025
Alexandria, Virginia